[Civ. No. 13045.    Second Dist., Div. One.    Aug. 13, 1941.]

HARRY HOWARD, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et el., Respondents.

Leland E. Zeman and A. A'. Golden for Petitioner.

Everett A. Corten for Respondents.

DORAN, J.—The petitioner applied to the Industrial Accident Commission to have a certain order terminating liability of the insurance carrier, for injuries received by petitioner in the course of his employment, vacated on the ground that the same was void.   The application was denied and the matter comes before this court for a review of the order of the Industrial Accident Commission denying the petition to vacate the order terminating liability.   Respondents contend that the precise question here involved has already been de-

cidcd adversely to petitioner upon a previous application; and that the Supreme Court denied a hearing in the matter.

The petition to vacate the order terminating liability was filed with the Industrial Accident Commission on January 14, 1941, the grounds therein stated being the same as those set forth in the petition for the writ of review herein, namely, that the order was void for lack of proper notice of intention to terminate liability. It appears from the record that on September 6, 1940, petitioner filed with the Industrial Accident Commission a "petition for hearing and order for award of past due compensation", to which respondent State Compensation Insurance Fund interposed an answer setting up lack of jurisdiction of the commission on the ground of the existence of the order terminating liability, which the said respondent claimed had become final; and respondent claimed also that more than 245 weeks had elapsed since the date of injury. The commission denied the petition to reopen the matter and the petitioner applied to this court for a review of the order denying that petition. It further appears from the record of petitioner's former application to this court that the invalidity of the order terminating liability was therein urged by petitioner, upon the grounds now urged. This court denied a writ of review upon the former petition and the Supreme Court subsequently denied petitioner a hearing in the matter. In the present proceeding petitioner makes the same contentions as previously urged and the same issue is raised as to the validity of the order. The end sought by petitioner in the instant proceeding is the same as that sought in the former application, namely, reopening the question of petitioner's right to compensation; and the reasons urged therefor are the same. In scope and effect the petition here presented is the same as that formerly made by the petitioner and passed upon by this court; and it follows that the question here raised has already been decided adversely to petitioner. Petitioner, having applied unsuccessfully for the reopening of his case on the ground of the alleged invalidity of the order terminating it, may not now return with a petition to have the order of termination vacated because of its alleged invalidity. The question necessarily involved is not changed merely by stating it in another way. The matter stands adjudicated, and the order of the Industrial Accident

Commission denying the vacation of the order terminating liability of the insurance carrier is accordingly affirmed.

York, P. J., and White, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 10, 1941.